IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEMANUAL HUDSON, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. PX-22-1909 |
| BRANDON GREISE, *et al.*, | * |
| Defendants. | * |

\*\*\*

# MEMORANDUM OPINION

Plaintiff Jemanual Hudson, a Maryland inmate, has filed suit alleging that Western Correctional Institution ("WCI") correction officers Brandon Greise, Austin Blank, Frederick Hopkins, Tarah Logsdon, and Kyle McClintock violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force; and that supervisors Michael Middleton and Keith Northcraft subjected him to unconstitutional conditions of confinement.[1] ECF Nos. 1, 5. Hudson also alleges that WCI staff falsely issued him an infraction and stole his personal property. ECF No. 1 at 3.

Defendants now move to dismiss the claims or alternatively for summary judgment in their favor. ECF No. 11.[2] Although the Court has notified Hudson of his right to respond, ECF No. 14, he did not do so. The matter is now ripe for review, with no need for a hearing. *See* Loc. R. 105.6. For the reasons that follow, the Court grants the dispositive motion, construed as one for summary judgment.

---

[1] The Clerk will be directed to correct Defendants' names on the docket.

[2] Defendants also moved to seal a surveillance video attached to their dispositive motion. ECF No. 12. That motion is granted.

I.      Background

The Court construes the record evidence most favorably to Hudson.  On the evening of May 28, 2022, Officers Greise and McClintock responded to a medical emergency in Hudson's cell.  ECF No. 11-3 at 1, 6.  They observed Hudson on the cell floor having a seizure.  Because Hudson's cellmate refused to be handcuffed, Officer Greise called for assistance.  *Id.*  Officers Blank, Hopkins, and Logsdon responded and removed the cellmate from the cell.  *Id.*

While the cell door was open, Hudson rose to his feet, "assumed a fighting stance, and charged out of the cell at Officer McClintock."  ECF No. 11-3.  In response, Officers Greise, McClintock, and Logsdon sprayed Hudson with pepper spray forcefully took him to the ground.  *Id.*  Officer Hopkins next secured Hudson in handcuffs and started to escort him to the front of the wing.  ECF No. 11-3 at 6.  Hudson refused to walk, so officers carried him to a medical cart and transported him to the medical unit.  *Id.*

At the medical unit, nurse Evans Budu examined Hudson.  ECF No. 11-6 at 2.  Budu described Hudson as "irate and belligerent, incoherent and struggling with officers."  *Id.*  Consequently, officers had to restrain Hudson for several minutes.  *Id.*  Budu eventually cleaned chemical irritants off Hudson's face and inside his nose, and administered Narcan.  *Id.*  Shortly after Hudson was given Narcan, he "became coherent" and "admitted to use of an intoxicant."  *Id.*  Although Hudson alleges that officers broke his tooth during the melee, no record evidence supports that he sustained such an injury.  *See id*.

On May 29, 2022, Officer Greise issued a Notice of Inmate Rule Violation charging Hudson with assault on corrections officers.  ECF No. 11-3 at 24; *see also* ECF No. 1 at 3.  Defendants Middleton and Northcraft approved Hudson's placement on administrative

segregation pending adjustment.  *See id.*; ECF No. 11-8 at 1.  Hudson alleges that while in segregation, he was not permitted to shower.  Nor was he given a hygiene bag, change of clothes, or a mattress.  Hudson also asserts that his meals were thrown into the cell and landed on the floor.  ECF No. 1 at 3; ECF No. 5.

Six days later, the assault violation was dismissed, and Hudson returned to general population.  ECF No. 11-7;  ECF No. 11-8 at 1.  He discovered that his shoes, a clock, an mp3 player, prayer rugs, food, and clothing had been stolen while he was in segregation.  ECF No. 1 at 3.

## II.     Standards of Review

Defendants move to dismiss all claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment to be granted in their favor under Rule 56.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  Pursuant to Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court" in connection with a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56," and the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Because Defendants' motion clearly sought summary judgment, and Hudson was separately notified of his right to respond, he was given sufficient notice that the Court may render final judgment against him.  Thus, the motion will be viewed as one for summary judgment.

A motion for summary judgment brought pursuant to Rule 56 shall be granted if the movant demonstrates that no genuine issue of disputed material fact exists, entitling the movant to judgment as a matter of law.  *See In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir.

2011). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of [his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the evidence in the light most favorable to the non-movant without weighing the evidence or assessing witness credibility. *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644 (4th Cir. 2002). Factually unsupported claims and defenses may not proceed to trial. *Bouchat*, 346 F.3d at 526

**III.     Discussion**

Hudson brings two Eighth Amendment claims – one for excessive use of force and the other for harsh conditions of confinement. The Eighth Amendment to the United States Constitution proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Generally, the amendment protects inmates against "inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996. *See also Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (citation omitted). This includes protection against the use of excessive force. Excessive force is that which an officer uses "maliciously and sadistically to cause harm," rather than force applied

4

as a "good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  To determine whether an officer has used excessive force, the Court considers the need for the force used; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

In this context, the absence of significant injury alone is not dispositive.  If force is applied maliciously and sadistically, then liability is not avoided simply because the prisoner had the good fortune to escape serious harm.  *See Hudson,* 503 U.S. at 6-7.  As for deployment of a chemical agent, although the use of such chemicals is often permitted to regain or maintain control, the use "in quantities greater than necessary or for the sole purpose of infliction of pain," can sustain an excessive force claim.  *Iko v. Shreve*, 535 F.3d 225, 240 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996) (emphasis omitted).  *See also McCargo v. Mister*, 462 F. Supp. 813, 818 (D. Md. 1978).

Viewing the record most favorably to Hudson, no rational factfinder could conclude that the officers used excessive force in subduing him.  Although Hudson may have been experiencing a medical emergency, he also charged at Officer McClintock.  To gain control, Defendant officers pepper sprayed Hudson and took him down to the ground.  Hudson regained his composure only after the nurse administered Narcan.  Accordingly, the brief use of force appeared necessary to maintain order and bring Hudson into compliance.  Stated otherwise, no evidence suggests that Defendants applied such force sadistically or maliciously for the sole purpose of inflicting pain. The Court thus grants summary judgment in Defendants' favor on this claim.

Turning next the unconstitutional confinement claim, it will survive challenge only where

some evidence demonstrates that (1) the prisoner was exposed to 'a substantial risk of serious harm,' and (2) the prison official knew about and disregard the "substantial risk to the inmate's health or safety." *Thompson*, 878 F.3d at 97-98 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 837-38 (1994)); *see also Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). To establish an officer's sufficiently culpable state of mind, the record must include some evidence that the officer knew of and deliberately disregarded the excessive risk of harm that the confinement conditions posed to the inmate. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (applying the deliberate indifference standard to conditions of confinement claims); *see also Thompson*, 878 F.3d at 107. "[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corrs.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).

Viewing the record most favorably to Hudson, his week in segregation, while no doubt difficult, does amount to a constitutional violation.[3] Even accepting Hudson's representation that he was denied a shower after his exposure to pepper spray, the nurse had cleaned the irritants from his face and nasal passages before he was placed in segregation. Moreover, Hudson demonstrates no injury of any kind, and no evidence exists that these undoubtedly difficult living conditions seriously endangered Hudson's health or safety. The record is simply too thin to permit the claim to proceed.

Lastly, Hudson alleges that the Defendant officers stole his personal property while he was in segregation. The claim can only be construed as an alleged deprivation of properly without due

---

[3] To the extent Hudson challenges the disciplinary proceedings that landed him in segregation, no facts support that he had been subjected to an unconstitutional practice or procedure. Nor does he allege denial of due process, and in fact, he acknowledges that the charges had been dropped in short order. *See Best v. Baltimore Cnty.*, No. CV ELH-19-2344, 2021 WL 878351, at *17 (D. Md. Mar. 9, 2021) (citing *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) and *Sandin v. Conner*, 515 U.S. 472, 477-78, 483-84 (1995)).

process. Where an inmate's personal property is lost or stolen, sufficient due process is afforded to him if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 540 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Hudson can certainly file suit in Maryland against the officers for money damages or injunctive relief, and so, he can pursue an adequate post-deprivation remedy. *Cf. Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982). Thus, the claim cannot proceed here.

### IV.     Conclusion

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss or in the Alternative, for Summary Judgment. A separate Order follows.

  8/23/23                                                              /S/
_____                              _____
Date                                                         Paula Xinis
                                                             United States District Judge